
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK RADFORD and MARK PRUDELL, <br><br> Plaintiffs, <br><br> vs. <br><br> TELEKENEX, INC., a California Corporation, BRANDON CHANEY and JANE DOE CHANEY and the marital community comprised thereof; ANTHONY ZABIT and JANE DOE ZABIT and the marital community comprised thereof; TELEKENEX IXC, INC., a California Corporation, <br><br> Defendants. | No. <br><br><br> COMPLAINT FOR DAMAGES <br><br> **JURY DEMAND** |

## I. INTRODUCTION

1.1   Plaintiffs, Mark Radford and Mark Prudell, requests damages, double damages, and attorneys' fees and costs for the wrongful and willful withholding of wages by their former employers Telekenex, Inc, Brandon Chaney, Anthony Zabit, and Telekenex IXC, Inc.

## II.   PARTIES

2.1   Plaintiff, Mark Radford, is an individual residing in Clark County, Washington.

2.2   Plaintiff, Mark Prudell, is an individual residing in King County, Washington.

COMPLAINT FOR DAMAGES - 1

2.3   Defendant Telekenex, Inc. is a corporation headquartered in San Francisco, California, and doing business in the State of Washington.

2.4   Defendants Brandon Chaney and Jane Doe Chaney reside in California.

2.5   Defendants Anthony Zabit and Jane Doe Zabit reside in California.

2.6   Defendant, Telekenex IXC, Inc. is a private corporation headquartered in San Francisco, California, and doing business in the State of Washington.

### III.   JURISDICTION AND VENUE

3.1   All or a substantial portion of the acts complained of herein occurred in the State of Washington.

3.2   At all times material to this action, Telekenex Inc. and Telekenex IXC, Inc. conducted business in the State of Washington.

3.3   At all times material to this action, Brandon Chaney and Anthony Zabit conducted business in the State of Washington.

3.4   This action has been filed within the applicable statutory time periods.

3.5   Venue is proper in this Court.

3.6   This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

### IV.   FACTS

4.1    Both Plaintiffs are very experienced Sales Executives in the telecommunications industry.

4.2   Defendant, Telekenex Inc., is wholly owned by Defendants Brandon Chaney (Chief Executive Officer) and Anthony Zabit (Chief Operations Officer).  Defendant, Telekenex IXC, Inc. is a wholly owned subsidiary of Telekenex, Inc.

4.3    In early 2009 while the Plaintiffs were employed by Straitshot, Inc., the company found itself in major financial difficulties and was going out of business.  The Defendants hired Plaintiffs to spearhead the drive to convince Straitshot's clients to switch their accounts to Defendants.  The Defendants were so eager to obtain Plaintiffs' services they paid Plaintiffs a base salary of $95,000 each plus commissions.  Additionally, Defendant's paid Plaintiffs a $3,000 signing bonus each and 50,000 shares that would vest immediately upon Telekenex, Inc. being acquired at a later date. Defendants informed Plaintiffs that only the CFO had received such "double-kicker" stocks.

4.4    Defendants also informed the Plaintiffs that they would be paid commissions on all Straitshot customers who switched to Telekenex, Inc. pursuant to the commissions schedule contained in their offer of employment.  Defendants' investment immediately paid dividends because Plaintiffs pursuaded the vast majority of Stritshot's clients to sign up with Telekenex, Inc. That resulted in $136,505.00 in revenues per month for three years for the Defendants and, as a result, plaintiffs were paid $70,000 in commissions.

4.5    In March, through their industry connections, the Plaintiffs found out that AuBeta Networks, Inc. could no longer sustain itself and was going out of business.  On March 17, 2010 after confirming the information and researching the value of AuBeta's accounts, Plaintiffs contacted Defendants Chaney and Zabit and told them that Telekenex, Inc. should purchase the company. That same day, Plaintiffs arranged a telephone conference between Chaney and Zabit and AuBeta owner, Ethan Hernandez.  The next day, Chaney and Zabit traveled to Seattle from California and closed the deal.

4.6    Defendants assigned the Plaintiffs to the task of convincing existing AuBeta customers to sign new long term agreements with Telekenex, Inc.  Exactly like the Straitshot takeover, the Defendants informed the Plaintiffs that they would be paid commissions on all the customers they

successfully transferred to Telekenex, Inc. pursuant to the commission schedule contained in their offer of employment.  Even though AuBeta's customers had the option to move to another provider, Plaintiffs secured contracts with almost all of them.  Plaintiffs work provided Telekenex with contract revenues of $23M over a three year period with immediate monthly revenues of approximately $695K.

4.7     Plaintiffs' commissions on their AuBeta customer sales were $1,230,000.00.  Pursuant to the parties' agreement 50% of Plaintiffs' commissions were due by May 15 with the balance due June 15.  Unlike with Straitshot, however, the Defendants did not pay Plaintiffs the commissions they were owed.

4.8     On June 8, in response to Plaintiffs' continued requests to be paid the commissions they were owed, via email Chaney told them they would be paid soon:  "getting closer but still need the dust to settle."  Plaintiffs understood that Chaney was not disputing that Defendants owed them a substantial amount of commissions and that they would be paid.

4.9     Over the summer months, however, every time Plaintiffs asked to be paid their AuBeta commissions, Defendants stalled by claiming they were trying to figure out the actual commissions owed.  Then in an October 21, 2009 email to Plaintiffs, Chaney said: "I am very appreciative of your support of Telekenex and in the AuBeta acquisition.  I realize we have delayed announcement on how we were going to compensate the individuals that were instrumental for the few weeks we transitioned AuBeta customers to the Telekenex family."  Mr. Chaney went on to blame various business and economic factors for Defendants' failure to pay Plaintiffs their commissions.  He said Telekenex would have to "conserve cash as much as possible over the next 6-12 months."  Chaney told the Plaintiff's "we don't have the money to pay you the commissions now but we will pay you

it in the coming months." He also promised to have the board issue them 50,000 shares of stock in addition to their commissions because of the payment delay.

4.10   In October Chaney informed the Plaintiffs that he would resolve the commissions' issue after closing month end business but that never happened. Every time the Plaintiffs tried to get paid their commissions the Defendants assured them that they would be paid when Defendant had the money. On October 23, 2009 the Plaintiffs requested a good faith $10,000 payment until the full amount of commissions was paid, but the Defendant did not even pay that.

4.11   Because of their overwhelming sense of loyalty to Defendants and their desire to see Telekenex succeed, the Plaintiffs accepted Defendants' word that they would be paid their commissions when Defendants' purported poor financial condition was better.

4.12   Plaintiffs continued to work hard for Defendants. As a result of their sales accomplishments, Plaintiffs were flown to Telekenex's California headquarters for the annual sales kick-off. There, Plaintiffs were lauded for their accomplishments and recognized as the top sales performers for 2009. The AuBeta sales, for which they were owed commissions, were included in Plaintiffs' "Rank & Stack" and propelled them to the number one position.

4.13   In January 2010 for reaching 100% of their annual quota, Plaintiffs received Defendants' "President's Club" award. Included was a company paid trip to Puerto Vallarta, Mexico, from April 29 through May 2. On March 10, 2010 Plaintiffs received their travel itinerary, including confirmed flights for them and their spouses, for their President's Club Mexico vacation. But on April 12, 2010 their employment was terminated.

4.14   Defendants continue to steadfastly refuse to pay the Plaintffs the owed commissions.

## V.   CAUSES OF ACTION

**A.   FIRST CAUSE OF ACTION – FAILURE TO PAY OWED WAGES**

5.1  Plaintiffs reallege paragraphs 1.1 through 4.12 of the Complaint and hereby incorporate the same by reference.

5.2  Defendants' failure to pay Plaintiffs' commissions for procured sales violates Washington law, including but not limited to RCW 49.46.020, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010, for which Plaintiffs are entitled to compensatory damages and attorneys' fees, and costs.

5.3  As a result of Defendants' acts and omissions, Plaintiffs have been damaged in amounts to be proven at trial.

**B.  SECOND CAUSE OF ACTION – WILLFUL WITHHOLDING OF WAGES**

6.1  Plaintiffs reallege paragraphs 1.1 through 5.3 of the Complaint and hereby incorporate the same by reference.

6.2  The above facts state claims against Defendants for unlawful and willful failure to pay wages under Washington law in violation of RCW 49.52.050 and RCW 49.52.070, for which Plaintiffs are entitled to wages owed, double damages, and attorneys' fees, and costs.

6.3  As a result of Defendants' acts and omissions, Plaintiffs have been damaged in amounts to be proven at trial.

**C.  JURY DEMAND**

Plaintiffs demand a jury trial.

## VI.  PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs pray for relief as follows:

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

A. Damages for all wages wrongfully withheld;

B. Double damages for willful withholding of wages;

C. Prejudgment and post judgment interest at the statutory rate;

D. Reasonable attorney's fees and costs;

E. Whatever further and additional relief the court shall deem just and equitable.

DATED this 17th day of May, 2010

/s/   Patrick L. McGuigan, WSBA #28897

**HEYRICH KALISH MCGUIGAN PLLC**
PUGET SOUND PLAZA
1325 Fourth Avenue, Suite 540
Seattle, WA  98101
Tel: (206) 838-2504
Fax: (206) 838-2505
plmcguigan@hkmlegal.com

Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES - 7