**HONORABLE RICHARD A. JONES**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK RADFORD and MARK PRUDELL,<br><br>             Plaintiffs,<br>    vs.<br><br>TELEKENEX, INC., a California Corporation,<br>BRANDON CHANEY and JANE DOE CHANEY<br>and the marital community comprised thereof;<br>ANTHONY ZABIT and JANE DOE ZABIT and the<br>marital community comprised thereof;<br>TELEKENEX IXC, INC., a California Corporation,<br><br>             Defendants. | No. C10-812 RAJ<br><br><br><br>PLAINTIFFS' REPLY TO<br>DEFENDANTS' RESPONSE TO<br>PLAINTIFFS' MOTION TO COMPEL |

## I. INTRODUCTION

The broad right of discovery is based on the general principle that litigants have a "right to every man's evidence," *United States v. Bryan*, 339 U.S. 323, 331, (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth. That right is lost on the Defendants. The Defendants have ignored controlling authority and, without any legal analysis or discussion whatsoever, continued to assert their boilerplate and baseless objections. For example, Plaintiffs' central claim is that just like they received commissions for Straitshot customer sales, they are owed commission for Aubeta customer sales. Even so, the Defendants have refused to provide any Straitshot records objecting that ***all*** information and documents pertaining to Straitshot is irrelevant, and beyond the

PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL - 1

H<small>EYRICH</small> K<small>ALISH</small> M<small>CGUIGAN</small> <small>PLLC</small>
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

scope of discovery. Defendants, however, do not explain why it is irrelevant and outside the scope of discovery.

The Defendants' admit that they continue to assert boilerplate objections to most of the Plaintiffs' discovery requests. *Def's Response*, p.3:16-18. The Defendants admit that they are wrongfully withholding documents and will now produce them. *Id.* at pp.4:16-5:2; p.6:1-9. The Defendants admit that they are wrongfully withholding information and will now produce it (the Defendant will now identify their control group employees). *Id.* at p.9:1-18. The Defendants have failed to provide any support for its withholding of the requested documents and information. The Court, therefore, should grant Plaintiffs' motion to compel and award reasonable attorneys fees and costs.

## II. STATEMENT OF FACTS

During the parties' meet and confer telephone conferences it became clear that they were not going to withdraw many of their objections to Plaintiffs' discovery requests. *McGuigan Decl., ¶* 2. It was frustrating for Plaintiffs' because it was very apparent there was no legitimate basis for the objections. For example, the Defendants could not explain how documents relating to the Straitshot customer sales were not relevant to the litigation. After all, the Plaintiffs were claiming that they should have received commissions from the AuBeta customer sales just as they did with the Straitshot customer sales. *Id.*

Plaintiffs' counsel, Patrick McGuigan, told Ms. Boyle on numerous occasions that the Defendants' boilerplate objections were in violation of the discovery rules and that the Plaintiff would be filing a motion to compel regarding those objections. *McGuigan Decl., ¶* 3. Mr. McGuigan also encouraged Ms. Boyle to talk to her clients about withdrawing their objections and producing the discoverable information requested.

Plaintiffs sent Ms. Boyle a letter dated November 18, 2010 that stated the status of the Defendants' answers and responses to the Plaintiffs' first set of discovery. *McGuigan Decl.,* Ex.1. The letter illustrates

PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL - 2

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

that, even after the parties numerous meet and confers, the Defendants continued to refuse to provide many documents and information. *Id.* Ms. Boyle's admission in her declaration that "the discovery conferences did not cause defendants to change their objections that many of discovery requests sought information or documents outside the scope of discovery" is consistent with Plaintiffs' November 18 letter. *Boyle Decl.,* ¶ 5. On the other hand, Ms. Boyle's letter dated December 1 for the most part is inconsistent with the parties' discussions and with her admission that Defendants would not respond to many of the Plaintiffs' discovery requests. *Boyle Decl.,* Ex.1.

In response to Plaintiffs' requests, the Defendants only produced a handful of emails. They even failed to produce emails Plaintiffs got from the Defendants. Mr. McGuigan questioned the limited production and the Defendants' failure to produce all emails involving the Plaintiffs, Defendants, and relevant third parties. *McGuigan Decl.,* ¶ 6. He told Ms. Boyle that the only way to resolve the issue was to have the parties Information Technology ("IT") people discuss what kinds of searches were conducted, how they were conducted, what hard drives were searched, and what kinds of terms were used. *Id.* On January 19, 2011 Ms. Boyle told Mr. McGuigsan she asked the Defendants for dates when their IT person would be available to talk to the Plaintiffs' IT person. *McGuigan Decl.,* Ex.2. Mr. McGuigan did not provide search terms to Ms. Boyle because his objective was to have the IT people talk first. Ultimately, the Defendants failed to make their IT person available. *McGuigan Decl.,* ¶ 6. Only after Plaintiffs filed their motion to compel, did the Defendants give a date when their IT person would be available for a telephone conference. *Id.*

It is completely false that Mr. McGuigan agreed to accept the Defendants' representations regarding AuBeta commissions, an employee list, and an employee handbook as satisfying Defendants' obligations regarding responding to Plaintiffs' First Set of Interrogatories and Requests for Production (see Boyle Decl., ¶ 8). *McGuigan Decl.,* ¶ 7. It is completely false that Mr. McGuigan agreed to "table" any of the parties'

PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL - 3

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

discovery issues and wait for an Aubeta "financial report." *McGuigan Decl., ¶* 8. Mr. McGuigan encouraged the Defendants to produce documents, including the alleged financial report. His objective was to obtain discoverable information and documentation that was being wrongfully withheld by the Defendants. *Id.* Ultimately, the Defendants did not provide the alleged report or the "alternative materials" referenced by Ms. Boyle (see Boyle Decl., ¶ 10). *Id.* After Plaintiffs filed their motion to compel, Defendants again said they were producing documents. Nothing was produced. At 5:56 pm on February 24, Ms. Boyle sent an email saying she was sorry about not producing documents and would drop them by our office the next day. Nothing arrived. *McGuigan Decl.,* Ex. 3.

Plaintiffs have tried to work with the Defendants to obtain discovery without much success. Each time Plaintiffs compromise, the Defendants obstruct some more. For example they agreed to deposition dates and then suddenly remembered Mr. Chaney was going to be out of town on vacation. *McGuigan Decl.,* Ex.4. Also, Defendants refused to produce their IT person so that we could try and resolve the emails issues. When I ask for an answer or confirmation it takes days to get a response. *McGuigan Decl., ¶* 9.

### III.  AUTHORITY AND ARGUMENT

Tellingly, the Defendants provided no authority for their objections nor did they provide any discussion regarding why the authority cited by the Plaintiffs is inapplicable here. Of course, that is because no authority supports their objections. Rather, courts condemn the objections the Defendants are guilty of propounding in this case.

Defendants' imaginary negotiations aside, they do admit that that they are refusing to respond to many of Plaintiffs' requests for production on the basis that they seek information outside the scope of discovery. They further admit that they have no legal basis for their objections otherwise they would have

provided some authority and argument to support them. The Defendants do not explain why the information sought by the Plaintiffs is allegedly beyond the scope of discovery or why it is irrelevant. Defendants do not explain why information regarding Straitshot customer sales and the revenues derived from those sales is irrelevant to the Plaintiffs' claims that they should have been paid commissions on those sales.

Defendants do not explain how Plaintiffs requests are not reasonably calculated to lead to the discovery of admissible evidence. Defendants do not discuss why an inquiry about the Plaintiffs' own Straitshot sales could not reasonably lead to admissible evidence. Nor do the Defendats explain why communications regarding Straitshot and the Plaintiffs could not possibly be relevant or lead to the discovery of admissible evidence.

The Defendants are under the misconception that because they do not agree with the Plaintiffs, they do not have to provide discovery. But nothing could be more inconsistent with the spirit and purpose of the discovery process. The Defendants argue that Straitshot involved sales whereas AuBeta involved transitioning and that is why Plaintiffs did not earn commissions regarding AuBeta. That is their defense and they are entitled to assert it. But that is not a basis for withholding documents regarding Straitshot sales and revenues. Similarly, the declaration of Brandon Lancaster is not a basis for withholding dcuments.

It is a rank violation of the discovery rules for the Defendants to withhold producing discoverable financial information on the basis that the jury must first rule that the Plaintiffs are entitled to commissions. *Def's Resp.,* p.8:12-27. The information could have been produced pursuant to a stipulated protective order or the Defendants could have asked that the Court protect the information. But the Defendants did not comply with the rules; instead they chose to violate the rules.

It took a motion to compel for the Defendants to offer to identify its control group employees. *Def's Resp.,* p.9:1-18. Before Plaintiffs' motion, the Defendants refused to do so. Defendants insisted that before

PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL - 5

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

the Plaintiffs contact any of their employees, they had to first obtain authority from the Defendants just in case the employee was a member of their control group. *Id.*

The Defendants "belief" that they did not have to seek a protective order is contrary to the discovery rules. *Def's Resp.,* p.10:21-11:4. The discovery rules required the Defendants to move for a protective order particularly in light of the fact that they decided to continue to object to most of the Plaintiffs' requests for production. Further, the Defendants' opinion regarding when they think protective orders are necessary is irrelevant to the proper application of the discovery rules. *Id.*

### IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court instruct the Defendants to fully and completely respond to the outstanding discovery. The Court should also order the Defendants to pay Plaintiffs' reasonable attorneys' fees and costs incurred in filing this motion.

DATED this 25th day of February, 2011

        **HEYRICH KALISH MCGUIGAN PLLC**
        */s/ Patrick L. McGuigan,*
        Patrick L. McGuigan, WSBA #28897
        1325 Fourth Avenue, Suite 540
        Seattle, WA 98101
        Tel: (206) 838-2504
        Fax: (206) 838-2505
        @hkmlegal.com
        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25th, 2011, I electronically filed the foregoing *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel* with the ECF filing system, which will send electronic notification of such to the following parties:

>Margaret Boyle
>Themis Litigation Group
>1823 Tenth Avenue West
>Seattle, WA 98119
>Tel: (206) 217-9400
>*Attorneys for Defendants*

I certify under penalty of perjury that the foregoing is true and correct.

>*/s/ Soula Stefanopoulos*
>Soula Stefanopoulos, Legal Assistant
>to Patrick L. McGuigan