**HONORABLE RICHARD A. JONES**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK RADFORD and MARK PRUDELL,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>TELEKENEX, INC., a California Corporation, BRANDON CHANEY and JANE DOE CHANEY and the marital community comprised thereof; ANTHONY ZABIT and JANE DOE ZABIT and the marital community comprised thereof; TELEKENEX IXC, INC., a California Corporation,<br><br>　　　　　　Defendants. | No. C10-812 RAJ<br><br>PLAINTIFFS' MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO TIMELY FILE CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1<br><br>**Note for hearing: June 3, 2011** |

## I.  RELIEF REQUESTED

Plaintiffs Mark Radford and Mark Prudell respectfully request that the Court impose sanctions on Defendants Telekenex, Inc. and Telekenex IXC, Inc. for failing to timely file their Corporate Disclosure Statements pursuant to Fed. R. Civ. P. 7.1. Defendants should have filed their statements with their first appearance on June 2, 2010 but they did not. Instead, they waited for one year and filed them on May 18, 2011.

PLAINTIFFS' MOTION FOR SANCTIONS
FOR DEFENDANTS' FAILURE TO TIMELY
FILE CORPORATE DISCLOSURE STATEMENT
PURSUANT TO FRCP 7.1 ---- 1

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Defendants' violations have greatly prejudiced the Plaintiffs and they ask the Court to impose appropriate sanctions. Plaintiffs also request that the Court order the Defendants to disclose any parent companies either of them had when they first appeared on June 2, 2010 and to disclose any publicly held corporation that owned 10% or more of either's stock when they first appeared on June 2, 2010.

## STATEMENT OF FACTS

Plaintiffs filed suit against the Defendants on May 17, 2010. Margaret Boyle of the Themis Litigation Group appeared on behalf of all the Defendants on June 2, 2010. *McGuigan Decl., Ex.1.* Defendants filed their answer to Plaintiffs' complaint on July 1, 2010. *McGuigan Decl., Ex.2.* Defendants did not file corporate disclosure statements with their appearance or with their answer. *McGuigan Decl.,* ¶ 1.

Defendant Anthony Zabit testified in deposition in March 1, 2011 that BPB, LLC owned over 50% of both Defendants Telekenex, Inc. and Telekenex IXC, Inc. *McGuigan Decl., Ex.3, pp.35:3-40:11.* In fact, until very recently, Telekenex IXC, Inc. was a wholly-owned subsidiary of BPB, LLC. *McGuigan Decl., Ex.4.* Both Defendant Anthony Zabit and Brandon Chaney own 50% each of BPB, LLC. *McGuigan Decl., Ex.4, pp.35:3-40:11.* Mr. Zabit also testified that Walden Venture Capital and Altos Ventures are the major owners of Telekenex, Inc. and Telekenex IXC, Inc. *Id.*

On May 5, 2011, Defendants announced a "Definitive Agreement," subject to regulatory approval, to transfer its assets and approximately 1000 customer contracts to TelePacific Managed

PLAINTIFFS' MOTION FOR SANCTIONS
FOR DEFENDANTS' FAILURE TO TIMELY
FILE CORPORATE DISCLOSURE STATEMENT
PURSUANT TO FRCP 7.1 ---- 2

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Services. *McGuigan Decl., Ex.5.* Most of the customer contracts are those at issue in this lawsuit because Plaintiffs signed many of them to new three-year contracts with Telekenex, Inc. *McGuigan Decl., ¶7.* The Defendants refused to pay Plaintiffs pursuant to their commission schedule. Plaintiffs' lawsuit followed. *Id.*

Only after Defendants Anthony Zabit and Brandon Chaney sold Defendants Telekenex, Inc. and Telekenex IXC, Inc. to TelPacific did they file their corporate disclosure statements on May 18, 2011.

## II.   ISSUE PRESENTED

A.   Should the Court grant Plaintiffs' Motion for Sanctions?

## IV.   EVIDENCE RELIED UPON

Declaration of Patrick McGuigan and the records and files herein.

## V.   ARGUMENT

**A.   The Defendants' Violations Have Greatly Prejudiced the Plaintiffs and so Warrant Sanctions.**

Fed. R. Civ. P. 7.1 requires a nongovernmental corporate party to file two copies of a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation. That party must file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court and promptly file a supplemental statement if any required information changes. The Defendants failed to comply with this rule by waiting one year until filing their disclosure statements.

PLAINTIFFS' MOTION FOR SANCTIONS
FOR DEFENDANTS' FAILURE TO TIMELY
FILE CORPORATE DISCLOSURE STATEMENT
PURSUANT TO FRCP 7.1 ---- 3

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

The Defendants' actions in this matter were so egregious and resulted in harm to the administration of justice that the Court should impose substantial sanctions. *See Miceli v. KBRG of Statevilles, LLC*, 2007 WL 2458424 (W.D.N.C.). In *Miceli,* the court found that if the corporate defendants would have completed their 7.1 disclosure statement the plaintiff would have been provided with information relevant to her pending motion to amend. The court would have imposed substantial sanctions absent the apparent professionalism of their counsel. *Id.* at 1.

Here, the Defendants not only failed to complete their disclosure statement, they waited one year to do so. As a result, Mr. Zabit and Mr. Chaney were free to wheel and deal and sell the corporate Defendants without Plaintiffs being able to obtain any kind of relief from the Court. For example, had Defendants properly disclosed the identities of their parent corporation/s or publicly held corporation/s, Plaintiffs could have amended their Complaint to add them as defendants. Now, it would appear, Messrs. Zabit and Chaney are preparing to move for dismissal of Telekenex and Telekenex IXC.

Plaintiffs would ask the Court to impose liability on the Defendants, but understands that would be an extreme sanction. Plaintiffs, however, do ask that the Court consider the gravity of the Defendants' actions and the extreme prejudice caused and then impose appropriate sanctions.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that this Court grant their motion.

PLAINTIFFS' MOTION FOR SANCTIONS
FOR DEFENDANTS' FAILURE TO TIMELY
FILE CORPORATE DISCLOSURE STATEMENT
PURSUANT TO FRCP 7.1 ---- 4

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

DATED this 19th day of May, 2011

                              **HEYRICH KALISH MCGUIGAN PLLC**

                              */s/ Patrick L. McGuigan,*
                              Patrick L. McGuigan, WSBA #28897
                              1325 Fourth Avenue, Suite 540
                              Seattle, WA  98101
                              Tel: (206) 838-2504
                              Fax: (206) 838-2505
                               @hkmlegal.com
                              *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR SANCTIONS
FOR DEFENDANTS' FAILURE TO TIMELY
FILE CORPORATE DISCLOSURE STATEMENT
PURSUANT TO FRCP 7.1 ---- 5

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I electronically filed the foregoing document, *Plaintiff's Motion for Sanction for Defendants' Failure to Timely File Corporate Disclosure Statement Pursuant to FRCP 7.1*, including five attached exhibits, via the federal ECF system, which will send notification to the following parties:

> Margaret M. Boyle
> THEMIS LITIGATION GROUP
> 1823 10th Avenue W.
> Seattle, WA 98119
> (206) 217-9400
> *Attorneys for Defendants*

I certify under penalty of perjury that the foregoing is true and correct.

> */s/ Soula Stefanopoulos*
> Soula Stefanopoulos, Paralegal
> Heyrich Kalish McGuigan PLLC

PLAINTIFFS' MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO TIMELY FILE CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 ---- 6

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504